# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 20, 2013

No. 12-51297
Summary Calendar

Lyle W. Cayce
Clerk

JESUS GARCIA, JR.,

Plaintiff–Appellant,

versus

BOARD OF PARDONS AND PAROLES,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Texas
No. 1:12-CV-804

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jesus Garcia, Texas prisoner # 1547814, seeks leave to appeal *in forma pauperis* ("IFP") from the dismissal of his almost incomprehensible complaint

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

against the Texas Board of Pardons and Paroles. By moving to proceed IFP, Garcia challenges the district court's certification that his appeal is not in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). His challenge "must be directed solely to the trial court's reasons for the certification decision," *id.*, and our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Even the most painstaking dissection and liberal construction of Garcia's IFP motion yields no argument relevant "to the trial court's reasons for the certification decision." *Baugh*, 117 F.3d at 202. Nor does Garcia identify arguable legal points sufficient to prevent dismissal of the appeal as frivolous. *See id.* Accordingly, the motion for IFP status is DENIED, and the appeal is DISMISSED as frivolous. *See id.* at 202 & n.24; 5TH CIR. R. 42.2.

This frivolous appeal earns Garcia a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385–87 (5th Cir. 1996). Garcia is warned that if he accumulates two more strikes by bringing additional frivolous actions or appeals, he will not be allowed to proceed IFP in any civil action while incarcerated or detained unless he is in imminent danger of serious physical injury. *See* § 1915(g).